[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action for violation of CUTPA and for discharge of a mechanic's lien. She claims statutory damages under C.G.S. § 49-51 which states, in pertinent part, that:
 "If the court finds that a lien was filed without just cause it may allow damages at the rate of $100.00 for each week the lien remains in effect after the person upon whose property the lien is placed gives notice to the lienor to discharge the lien, if the lien is not discharged within thirty days of such notice . . ." CT Page 13067
The plaintiff basically brings this action first of all to vacate a mechanic's lien placed upon her property by the defendant. She then claims that she is entitled to have the lien vacated because the work allegedly done on her home by the defendant, and for which she claims she paid, was under a home improvement contract and that the defendant violated the statute and there was no valid contract. C.G.S. § 20-249
(a) of the Home Improvement Act provides: "No home improvements shall be valid or enforceable against an owner unless it . . . (2) is signed by owner and the contractor, . . . and (8) is entered into by a registered salesman or a registered contractor."
In this case there is no dispute that the contract was intended to be an agreement between the plaintiff Bustamante's (owners) and True Value (the contractor). The statute also provides under § 20-420 (b) that: "No contractor shall employ any salesman to procure business from an owner unless the salesman is registered under this chapter."
And furthermore, according to C.G.S. § 20-427 (b) "no person shall . . . allow any person to act as a salesman on his behalf unless such person is registered as a home improvement salesman." Thus in order for a contract — in this case to be enforceable against the plaintiff, it must have been signed by a registered True Value salesman or by an officer or director of True Value. The uncontraverted evidence establishes that the contract was not signed by an officer or director of true Value. The person who negotiated and signed the contract was a Ken Wilson who was not a registered True Value salesman nor an officer or director of True Value at the time. Furthermore, the testimony established that he was never an employee, but was an independent contractor. The Home Improvement Act also provides: "no home improvement contract shall be valid or enforceable against an owner unless it . . . contains a starting date and completion date." C.G.S. § 20-429
(a)(7). Here, the contract has spaces for entries for starting and completion dates, but no dates are specified. The words "TBD" was written in those spaces. Accordingly, the court finds that True Value failed to comply with the statute and the execution of the contract. Accordingly, True Value had no right to collect under the contract nor to file a mechanic's lien under the contract.
Accordingly, the court finds that there was no valid contract and that the mechanic's lien was invalid and the plaintiffs are entitled to statutory penalty for True Value's refusal to release the lien.
The defendant made a claim by way of special defense that the plaintiff's acted in bad faith and attempted to hold True Value liable for work done by others. There was no testimony at trial with respect to bad CT Page 13068 faith and, accordingly, the court finds in favor of the plaintiffs with respect to the special defense of bad faith.
The court, therefore, finds that the plaintiff is entitled to statutory damages in the amount of $2,900.00 pursuant to C.G.S. § 49-51 for True Value's failure to discharge the lien within thirty days after written demand and for twenty-nine weeks thereafter. The facts supporting this claim are not disputed. The plaintiff also claims attorney's fees in accordance with C.G.S. § 42-110g and will submit an affidavit for such fees. However, the court finds that the plaintiff failed to prove any actual damages which is a requirement of the statute. If there is no evidence of actual damages, the plaintiff is not entitled to attorney's fees under C.G.S. § 42-110g. Accordingly, the court denies that part of the plaintiff's claim.
The court, therefore, enters judgment in the amount of $2,900.00 in favor of the plaintiff, and all other claims are denied.
D. Michael Hurley, Judge Trial Referee